80-289

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

CURTIS POND AND SHARON POND,
husband and wife,

　　　　　Plaintiffs and Appellants,

　　　　-vs-

LESLIE M. LINDELL; BONNIE LINDELL, et al.,

　　　　　Defendants-Cross Defendants
　　　　　and Respondents,

　　　　-vs-

C. K. BENSON

Appeal from:　District Court of the Thirteenth Judicial District,
　　　　　　　In and for the County of Yellowstone, The Honorable
　　　　　　　Robert H. Wilson, Judge presiding.

Counsel of Record:

　　　For Appellants:

　　　　　Moulton, Bellingham, Longo & Mather, Billings,
　　　　　Montana

　　　For Respondents:

　　　　　Kammerer and Rodli, Missoula, Montana
　　　　　Olsen, Christensen and Gannett, Billings, Montana
　　　　　James H. Lear, E. Helena, Mont.

　　　　　　　　　　　Submitted on Briefs: April 15, 1981
　　　　　　　　　　　　　　　Decided: August 11, 1981

Filed: AUG 11 1981

_Thomas J. Kearney_
　　　　　　Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This suit was commenced by plaintiffs Curtis and Sharon Pond for specific performance of a contract for deed and for damages caused by delay in conveyance. Defendants Dick S. Dye and Patricia L. Dye filed an answer to the complaint. Defendant C.K. Benson answered and filed a counterclaim for attorney fees.

Plaintiffs, the Ponds, filed a motion for partial summary judgment seeking specific performance of the contract for deed and a determination that defendants were liable to plaintiffs for damages occasioned by delay in conveyance. Defendants Dye and Benson filed cross-motions for summary judgment and asked for attorney fees.

On July 1, 1980, the District Court issued an order denying the plaintiffs' motion for summary judgment, granting defendants, Dye and Benson's motions for summary judgment, and awarding defendants their costs and attorney fees. From this decision, plaintiffs appeal.

On December 19, 1980, the District Court issued a supplemental order directing the entry of a final judgment as to the issues decided in the July 1, 1980, order and certifying the case for appeal pursuant to Rule 54 (b), M.R.Civ.P.

This controversy arises out of a series of real estate transactions involving numerous parties. Because of the number of parties involved, the following designations will be used; plaintiffs Curtis and Sharon Pond will be referred to as the "Ponds"; defendants Dick S. Dye and Patricia L. Dye will be referred to as the "Dyes"; defendants Leslie M. Lindell and Bonnie Lindell will be referred to as the "Lindells"; and C.K. Benson will be referred to as "Benson".

Sophie M. Russell originally owned the property which

-2-

is at the center of the dispute in this action. In 1969, Russell entered into a contract for deed with the Dyes.

On October 27, 1971, the Dyes entered into a contract for deed with the Lindells. This contract contained the following provisions:

"1. That if the buyers shall first make the payments and perform the covenants hereinafter mentioned on their part to be made and performed, the sellers hereby covenant and agree to convey and assure to the buyers by warranty deed in fee simple, free and clear of all encumbrances, the real estate in the County of Yellowstone, and State of Montana, known and described as follows, to wit:

Tracts K and L of the Second Amended Plat of CERTIFICATE OF SURVEY NO. 744, which is located in the SW 1/4 of Section 23, Township 2 North, Range 26 East, P.M.M., Yellowstone County, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder of said County, under Document No. 739015.

". . .

"4. The sellers agree to provide a title insurance policy evidencing that title to the property is insurable in the amount of $9,000.00 and will place the same in escrow as hereinafter mentioned.

"5. Upon the execution of this agreement, the sellers shall execute a warranty deed running to the buyers in the usual form, conveying valid, marketable, fee simple title to the premises to the buyers, free and clear of all liens, encumbrances, and title defects, if any, but excepting rights-of-way, easements, and taxes for the period subsequent to the date of this instrument . . ."

On May 9, 1973, the Lindells entered into a contract for deed with the Ponds. That contract contained the following provisions:

"That if Buyers shall first perform the covenants hereinafter mentioned on their part to be made and performed, and shall make the payments as herein specified, the Sellers do hereby covenant and agree to sell, transfer and convey to the Buyers in fee simple, clear of all encumbrances whatever, with the exception of reservations, restrictions and easements of record, and as may have been incurred by the Buyers after the date of this agreement, by warranty deed, real property situated in the County

-3-

of Yellowstone, State of Montana, and more particularly described as follows . . .

"It is understood and agreed that this contract is subject to the terms and conditions of contracts for deed between Sophie M. Russell, as Sellers, and Dick S. Dye and Patricia L. Dye, dated October 25, 1969; and a contract for deed dated October 27, 1971 between Dick S. Dye and Patricia L. Dye, as Sellers, and Leslie M. Lindell and Bonnie A. Lindell as Buyers; that said contracts are held in escrow by the Security Trust & Savings Bank, Billings, Montana, and that this contract shall be placed in escrow at the Security Trust & Savings Bank, Billings, Montana, and that payments made under this contract shall be applied to the payment of said earlier contracts.

"At such time as the Buyers shall have paid the full purchase price balance of $11,500.00, plus interest at 8% per annum, as set forth in this contract for deed, Sellers shall furnish a title insurance policy to the Buyers showing good and merchantable title. The Security Trust & Savings Bank is hereby authorized to pay the cost of said title insurance policy from the last two payments to be made under the terms of this contract and deduct the same from the payments to be made to the Sellers."

On October 24, 1973, Contemporary Products, Inc., a foreign corporation which was not registered to do business in Montana, recorded a judgment against Dick S. Dye, in the amount of $12,471.08, plus interest, costs, and $1,149.00 in attorney fees. This judgment was docketed in the District Court, Yellowstone County, case no. 59091.

On August 26, 1978, the Dyes assigned their rights as sellers under the Dye-Lindell contract to Benson. At this time Dyes also gave Benson a warranty deed to the property, which was recorded August 29, 1978.

Subsequent assignments of contracts were made by the Lindells and Benson. The following chart, numbered chronologically, depicts all of the above occurrences and transactions relating to this parcel of property.

(See Illustration On Next Page)

-4-



Ⓖ Tender of full payment made December 6, 1978.

This controversy first began in the summer of 1978, when the Ponds negotiated a real estate construction loan for the purpose of building a home on the property, and made preparations to pay the balance due under their contract for deed with the Lindells.

On October 4, 1978, the Ponds obtained a title insurance commitment from Safeco Title Insurance Company of Idaho which reflected, among other things, that the policy to be issued would contain an exception for the October 24, 1973, judgment entered in favor of Contemporary Products, Inc., against Dick S. Dye.

Ponds notified all defendants of the alleged defect in the title and requested that the defect be removed so that merchantable title could be delivered to the Ponds pursuant to the contract terms.

On December 6, 1978, the Ponds tendered full and final payment under the Pond-Lindell contract by depositing $9,600 with the escrow agent. The funds were not to be paid until clear and merchantable title was delivered to the Ponds and

a title insurance policy issued which would not include the Dye judgment as an exception.

A suit was filed by the Dyes to have the judgment lien declared void as against the real property in question and seeking permanent injunctive relief preventing Contemporary Products, Inc., from enforcing the judgment against this real property. Such action was filed by the Dyes on June 12, 1979, 17 days prior to the filing of the instant case by the Ponds. The court file in DV-79-979 reveals that although the complaint was filed, no summons was ever issued or returned. The judgment remained an exception.

On June 29, 1979, the Ponds filed this suit for specific performance of the contract and for damages for delay in performance of the contract. The Ponds and/or Safeco Insurance Company determined that on October 24, 1979, six years would have run on the Dye judgment, and it would no longer constitute a valid lien at that time. Therefore, the Ponds proceeded to take action to close a second construction loan which had been obtained and to secure the instruments of conveyance from the escrow agent after October 24, 1979.

On October 12, 1979, Benson notified the escrow agent, Security Bank, not to deliver the instruments of conveyance to the Ponds without collection by the escrow agent of the sum of $510 which Benson claimed as attorney fees pursuant to contract for deed. Benson's claim stemmed from the fact that he had been required to obtain legal counsel to defend the suit commenced by the Ponds under circumstances in which Benson claimed he had not been guilty of a breach of contract.

Plaintiffs, the Ponds, then assumed the position that they had rightfully commenced their action for specific per-formance by reason of the failure of the defendants to

furnish to them evidence of clear and merchantable title and they refused to pay the $510 attorney fees demanded by defendant Benson.

The following issues are here resolved:

1. Did the District Court err in holding that plaintiffs, the Ponds, were not entitled to summary judgment granting specific performance of the contract?

2. Did the District Court err in holding defendants, Dyes, and Benson were entitled to summary judgment?

3. Did the District Court err in holding that plaintiffs, the Ponds, were not entitled to damages caused by delay in conveyance of clear title to the property and performance of the contract?

These issues are resolved by determining (1) whether the Ponds were ready, willing and able to perform their part of the contract, /and (2) whether Benson as assignee of the Dye to Lindell contract could be required to perform to the same extent as the Dyes could have been.

For the Ponds to be entitled to specific performance, they must have offered to perform. Hanlon v. Manger (1929), 85 Mont. 31, 39, 277 P. 433, 436. Ponds tendered the contract balance of $9,600 as shown by the affidavit of the escrow agent. However, they directed the funds not be delivered until a title policy could be issued showing good and merchantable title. Benson claims this was a conditional tender. We disagree. Ponds were only insisting upon receiving that which they had a contractual right to receive. At the same time, Ponds were indicating that they were ready, able and willing to close. Such is sufficient. Van Atta v. Schillinger (1981), ___Mont.___, 625 P.2d 73, 77, 38 St.Rep. 426, 430.

There can be little doubt that specific performance

-7-

will lie against Benson as assignee of Dye. When Benson purchased Dyes' interest in the contract with Lindell, Benson had notice that Lindell had sold to the Ponds some five years earlier. This Court stated in Thompson v. Lincoln Nat. Life Ins. Co. (1943), 114 Mont. 521, 529, 138 P.2d 951, 955:

> "The doctrine is well settled that when the vendor, after entering into a contract of sale, conveys the land to a third person who has knowledge or notice of the prior agreement, . . . such grantee takes the land impressed with the trust in favor of the original vendee, and holds it as trustee for such vendee, and can be compelled at the suit of the vendee to specifically perform the agreement by conveying the land in the same manner, and to the same extent, as the vendor would have been liable to do, had he not transferred the legal title; and such grantee is the proper defendant in the suit against whom to demand the remedy of a conveyance." (Citing Pomeroy's Specific Performance of Contracts, Section 465.1 (3d Ed.).

In Myhre v. Myhre (1976), 170 Mont. 410, 419, 554 P.2d 276, this Court said:

> "The rule seems to be that one who acquires or purchases property, knowing that the property is subject to a contract to be sold to another, may be compelled to perform the contract in the same manner and to the same extent as his grantor would have been liable to do had the grantor not made the transfer to him." (Citations omitted.)

The Ponds had three separate rights which could be enforced against Benson, namely (1) the right to receive a deed, (2) the right to receive a merchantable title, and (3) the right to receive a title policy showing clear title.

The District Court apparently denied relief to the Ponds and granted summary judgment to the defendants because the court found the Contemporary Products' judgment not to be a lien on the property. The court felt that the fact a title insurance company would include the judgment as an exception did not create a defect rendering the title unmerchantable.

We need not decide whether the judgment constituted a valid lien on the property.

-8-

The trial court erred by not considering that there were two separate contractual covenants inuring to Ponds' benefit. The first covenant was to convey good title; the second was to furnish a title policy insuring that good title. The Ponds were entitled to have each covenant performed. The defendants failed to so perform.

Benson claims attorney fees arising out of contract. Whether fees should be awarded if Benson had been successful has now been rendered moot. The position taken by Benson from the beginning has been unjustified. He had an obligation to deliver the deed and an insurable clear title. He was not, and is not, entitled to either attorney fees or costs.

The order of the District Court granting summary judgment to the defendants, Dyes and Benson, is reversed. The cause is remanded with directions to enter summary judgment for specific performance in favor of the plaintiffs and for trial on the issue of the plaintiffs' damages.

_____
                    Justice

We concur:

_____

_____

_____

_____
        Justices

-9-